OPINION OF THE COURT
John J. Connell, J.
The defendant has made a motion for an order from this *705 court directing the Monroe County Court Clerk to unseal the pre-voir dire questionnaires completed by potential jurors in Mr. Mateo’s capital case, for the limited purpose of providing copies of all such questionnaires to Mr. Mateo’s appellate counsel and appellate counsel for the People so that they may be included as part of a sealed portion of the record on appeal before the Court of Appeals in Mr. Mateo’s case.
The People do not oppose the defendant’s motion or the relief sought as long as the questionnaires remain sealed to the public. The defense, in their supporting papers, also takes the position that the questionnaires should be sealed to the public.
The Office of Court Administration has taken the position that this court lacks jurisdiction to grant the relief sought by the defendant based on section 509 (a) of the Judiciary Law.
Judiciary Law § 509 (a) refers to the Commissioner of Jurors questionnaire, which is used to “determine the qualifications of a prospective juror.” Such questionnaires are confidential and may only be disclosed to the County Jury Board or by the Appellate Division.
The questionnaires that are the subject of this motion are the pre-voir dire type of questionnaires governed by CPL 270.15 (1) (a) which specifically makes them available to counsel.
The record in this case is very clear that it was contemplated by the court and both parties that the original questionnaires would be sealed for appellate review and not made part of the “public record.”
The Court of Appieals, by order signed May 11, 2000, has allowed the defendant’s application to be made before this court “to unseal to the extent of allowing access solely to the parties.” (People v Mateo, 95 NY2d 782.)
“[T]he superior court clerk shall expeditiously assemble, reproduce, and transmit to appellant the record of the proceedings.” (Rules of Court of Appeals in Capital Cases [22 NYCRR] § 510.10 [c].) The voir dire questionnaires are part of the record of the proceedings and, therefore, the application of the defendant is granted.